UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**HARVEL A. LANDREAUX**     **CIVIL ACTION**

**VERSUS**     **NO. 20-1208**

**HUNTINGTON INGALLS INC., ET AL**     **SECTION: "B"(5)**

### ORDER & REASONS

Plaintiff Harvel A. Landreaux's opposed motion to strike evidence submitted by defendants in opposition to plaintiff's motion to remand is denied. Rec. Doc. 31.

A motion to strike is governed by Federal Rule of Civil Procedure 12(f), which provides that "[a] court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Rule 12(f) motions are disfavored and should be used sparingly by the courts because they are considered a 'drastic remedy to be resorted to only when required for the purposes of justice.'" *Augustus v. Bd. of Pub. Instruction of Escambia Country*, 306 F.2d 862, 868 (5th Cir.1962); *see also Kaiser Aluminum & Chemical Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F .2d 1045, 1057 (5th Cir.1982); *Harris v. USA Ins. Companies*, No. CIV.A. 11-201, 2011 WL 3841869, at *1 (E.D. La. Aug. 30, 2011). Prejudicial and immaterial allegations are subject to being striken, but not disputed questions of fact. *Id.* Based generally on relevance and hearsay grounds, plaintiff seeks to strike defendants reliance in opposing remand certain evidence from cases that did not involve him.[1] In response, Avondale argues its evidence

---

[1] Landreaux attacks the following evidence asserted by Avondale: (1) expert testimony from an affidavit of Christopher Herfel ("Herfel"); (2) former deposition testimony of Peter Territo ("Territo"); (3) former affidavit, deposition, hearing, and trial testimony of Danny Joyce ("Joyce"); (4) former affidavit and deposition testimony of Edward Blanchard ("Blanchard"); (5) former deposition testimony of Dr. Richard Lemen ("Dr. Lemen"); (6) former deposition testimony of Felix Albert ("Albert"), James Gooding ("Gooding"), and Robert Terry ("Terry"); and (7) and former affidavit testimony of Albert Bossier ("Bossier"). See Rec. Doc. 31-1 at 7-23.

1

is admissible, among other reasons, as exceptions to the hearsay rule in support of its grounds for removal jurisdiction, i.e. a federal defense.

The Fifth Circuit requires that a defendant show that its federal defense is colorable, i.e. plausible, in order to justify invocation of the federal officer removal statute. *See Latiolais v. Huntington Ingalls, Incorporated*, 951 F.2d 286, 297 (5th Cir. 2020). To be "colorable," the asserted federal defense need not be "clearly sustainable," as section 1442 does not require a federal official or person acting under him "to 'win his case before he can have it removed.' " *Id*. at 296–97 (quoting *Jefferson County v. Acker,* 527 U.S. 423, 431, 119 S. Ct. 2069, 2075, 144 L.Ed.2d 408 (1999)). Furthermore, the Supreme Court has previously recognized that "one of the most important reasons for [the federal office removal statute] is to have the validity of the defense . . . tried in a federal court." *Willingham v. Morgan*, 395 U.S. 402, *407 (1969); see also *Watson v. Philip Morris Companies, Inc.,* 551 U.S. 142, *150-51 (2007) (reiterating the same). If the underlying motion to remand is denied, consideration of Avondale's exhibits to determine the validity of its jurisdictional claims will adhere to this principle without prejudice to Landreaux, who can still raise his evidentiary objections at the summary judgment stage or at trial. See also *Jackson v. Avondale Industries Inc.,* No. 20-1005, 2020 WL 3510724, at **3-6 (E.D. La. June 29, 2020) (Fallon, J.) (Denying a substantially similar motion to strike, involving some of the same challenged evidence and witnesses at issue here.)

"[C]ourts in this Circuit and others typically require only that the proffered evidence 'suffice as a not-insubstantial and non-frivolous basis upon which' a federal defense may be based." *Zeringue v. Crane Co*., 846 F.3d 785 (5th Cir. 2017), *overruled by Latiolais v. Huntington Ingalls, Inc.*, 951 F.3d 286 (5th Cir. 2020) (overruling for other reasons)). Depositions and affidavits constitute relevant and competent evidence in considering motions to remand under the federal

officer removal statute. *Latiolais*, 951 F.3d at 297. Generally, former testimony of unavailable declarants may become permissible as an exception to the rule against hearsay if offered against a party whose "predecessor in interest" had a similar opportunity and motive. See Fed. R. Evid. 804(b)(1)(A)(B). The Fifth Circuit has explained this requirement as, "whether the questioner is on the same side of the same issue" and "whether the questioner had a substantially similar interest." *Battle ex. Rel. Battle v. Mem'l Hosp. at Gulfport*, 228 F.3d 544, 552 (5th Cir. 2000); *Dartez v. Fibreboard Corp.*, 765 F.2d 456, 462 (5th Cir. 1985).

Even at the summary judgment stage, objectionable affidavits and depositions that might be inadmissible would not necessarily exclude admission of facts they contain. Living declarants would be allowed to eventually testify based on personal knowledge as to the contents of their respective affidavits or depositions. Fed. R. Civ. P. 56(c)(4). As noted earlier, federal evidence rules also permit affidavits or depositions from certain unavailable or deceased witnesses as an exception to hearsay. Fed. R. Evid. 804(b)(1)(A)(B).

Further, in reviewing all parties' evidence that was submitted in connection with the opposed motion to remand, this court can determine admissibility of same in accordance with applicable law.

New Orleans, Louisiana this 12th day of February 2021

SENIOR UNITED STATES DISTRICT JUDGE