UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**HARVEL A. LANDREAUX**                               **CIVIL ACTION**

**VERSUS**                                            **NO. 20-1208**

**HUNTINGTON INGALLS INC., ET AL**                    **SECTION "B"(5)**

ORDER AND REASONS

Before the Court is Plaintiff Harvel A. Landreaux's opposed motion to remand. Rec. Docs. 22, 28, 30, 34, 36, 48, 54, 56. For the reasons discussed below,

**IT IS ORDERED** that the motion to remand is **DENIED**.

I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

This case arises out of Harvel A. Landreaux's ("plaintiff") alleged exposure to asbestos while working as an employee of defendant Avondale Shipyards, Inc. ("Avondale") between 1967 and 1973, and in 1976. Rec. Doc. 31-1. The facts and procedural history relevant to the instant motion are summarized below.

Plaintiff filed suit against Avondale and Lamorak Insurance Co. ("defendants") in state court on February 12, 2020. *See* Rec. Doc. 1-1. Defendants removed the case under the federal officer removal statute,[1] alleging that the lawsuit pertains to action by Avondale's taken pursuant to the direction of a federal officer. Rec. Doc. 1 at 5. Defendants asserted three federal defenses: (1)

---

[1] 28 U.S.C. § 1442.

1

"government contractor immunity," under *Boyle v. United Techs. Corp.*, 487 U.S. 500 (1988); (2) "derivative sovereign immunity," under *Yearsley v. W.A. Ross Construction Co.*, 309 U.S. 18 (1940); and (3) the exclusive remedy provisions of the Longshore and Harbor Workers' Compensation Act ("LHWCA"). *Id.* at 7-8. Thereafter, plaintiff filed the instant Motion to Remand, contesting the veracity of defendants' jurisdictional allegations and requesting that this Court remand the case back to state court. *See* Rec. Doc. 22-1. Defendants opposed the motion, supporting their jurisdictional allegations with trial testimony, depositions, and affidavits from previous cases to which plaintiff was not a party. Rec. Doc. 30.

In response, plaintiff filed a Rule 12(f) Motion to Strike, asserting that defendants' evidence in opposition to remand is inadmissible under the Federal Rules of Civil Procedure and the Federal Rules of Evidence. Rec. Doc. 31-1. Defendants responded in opposition, arguing that plaintiff's objections are unfounded and unsupported by law. Rec. Doc. 39.

On February 12, 2021, plaintiff's motion to strike was denied. Rec. Doc. 90. As rationale the court noted, "[t]o be 'colorable,' the asserted federal defense need not be 'clearly sustainable,' as section 1442 does not require a federal official or person acting under him to 'to "win his case before he can have it removed."' *Id.* at 2. Therefore, "[d]epositions and affidavits

2

constitute relevant and competent evidence in considering motions to remand under the federal officer removal statute." *Id.* at 2-3 (citing *Latiolais v. Huntington Ingalls, Incorporated*, 951 F.2d 286, 297 (5th Cir. 2020).

## II. LAW AND ANALYSIS
### a. Legal Standard

Under the federal officer removal statute,[2] "the right of removal . . . is made absolute whenever a suit in a state court is for any act 'under color' of federal office, regardless of whether the suit could originally have been brought in a federal court." *Willingham v. Morgan*, 395 U.S. 402, 406 (1969). Moreover, because one "need not win his case before he can have it removed," only a "colorable defense" under federal law is necessary to avoid remand. *Id.* at 407 ("This policy should not be frustrated by a narrow, grudging interpretation of § 1442(a)(1)."). Therefore, the federal officer removal statute must be liberally construed, "resolving any factual disputes in favor of federal jurisdiction." *Breaux v. Gulf Stream Coach, Inc.*, No. Civ. A. 08-893, 2009 WL 152109, p. 2 (E.D. La. Jan. 21, 2009) (citing *Louisiana v. Sparks*, 978 F.2d 226

---

[2] 28 U.S.C. § 1442(a)(1) provides, in pertinent part:

> A civil action or criminal prosecution that is commenced in a State court and that is against or directed to any of the following may be removed by them to the district court of the United States for the district and division embracing the place wherein it is pending: (1) The United States or any agency thereof or any officer (or any person acting under that officer) of the United States or of any agency thereof, in an official or individual capacity, for or relating to any act under color of such office.

(5th Cir. 1992)).[3]

The Fifth Circuit, sitting *en banc*, recently clarified the standard required for a government contractor to remove a case pursuant to the federal officer removal statute:

> [T]o remove under section 1442(a), a defendant must show (1) it has asserted a colorable federal defense, (2) it is a "person" within the meaning of the statute, (3) that has acted pursuant to a federal officer's directions, and (4) the charged conduct is connected or associated with an act pursuant to a federal officer's directions.

*Latiolais*, 951 F.3d at 296 (internal quotation marks omitted). The Fifth Circuit also explained that, "an asserted federal defense is colorable unless it is immaterial and made solely for the purpose of obtaining jurisdiction or wholly insubstantial and frivolous." *Id.* at 297 (internal quotation marks and citations omitted). Thus, "if a defense is plausible, it is colorable." *Id.*

Among others, defendants assert the government contractor immunity defense elucidated in *Boyle v. United Techs. Corp.*, 487 U.S. 500 (1988). Rec. Doc. 1 at 7. Defendants also relied upon *Boyle* in *Latiolais*, where the Fifth Circuit explained that:

> This defense extends to federal contractors an immunity enjoyed by the federal government in the performance of discretionary actions. Accordingly, federal contractors are not liable for design defects if (1) the United States approved reasonably precise

---

[3] *See also Savoie v. Huntington Ingalls, Inc.*, 817 F.3d 457, 462 (5th Cir. 2016) ("Although the principle of limited federal court jurisdiction ordinarily compels us to resolve any doubts about removal in favor of remand," the "courts have not applied that tiebreaker when it comes to the federal officer removal statute in light of its broad reach."), *overruled on other grounds by Latiolais v. Huntington Ingalls, Inc.*, 951 F.3d 286 (5th Cir. 2020).

> specifications; (2) the equipment conformed to those specifications; and (3) the supplier warned the United States about the dangers in the use of the equipment that were known to the supplier but not to the United States. Furthermore, the government contractor defense does not necessarily apply only to claims labeled design defect. Instead, whether it will apply to a particular claim depends *only* upon whether *Boyle's* three conditions are met with respect to the *particular product feature* upon which the claim is based.

*Latiolais*, 951 F.3d at 296 (internal quotation marks and citations omitted) (emphasis in original).

Because plaintiff does not contest the second or fourth elements under the federal officer removal statute,[4] the only questions before this Court are whether: (1) Avondale was acting pursuant to a federal officer's direction, and (2) whether defendants have asserted a colorable federal defense. As a cursory note, this Court recently denied plaintiff's motion to strike defendants' evidence related to these two issues. *See* Rec. Doc. 90 ("Depositions and affidavits constitute relevant and competent evidence in considering motions to remand under the federal officer removal statute."). Thus, it would be redundant, and is therefore unnecessary to address plaintiff's contention that the defendants' evidence is inadmissible. *See Mayeaux v. Taylor-Seidenbach, Inc.*, No. CV 16-16813, 2017 WL 3499242, p. 9 n.125 (E.D. La. Aug. 15,

---

[4] Plaintiff does not contest whether Avondale is a "person" under the removal. Moreover, while plaintiff argues that Avondale did not act pursuant to a federal officer's direction, plaintiff does not alternatively argue that, if it did, the charged conduct was not associated therewith. *See generally* Rec. Doc. 22-1.

2017) (dismissing as "erroneous" plaintiff's analogous argument regarding defendant's burden of proof); *Jackson v. Avondale Indus. Inc.*, 469 F. Supp. 3d 689, 697 (E.D. La. 2020) (rejecting plaintiff's argument that defendant must establish grounds for removal by "competent evidence").

### b. Under Direction of a Federal Officer

In his motion to remand, plaintiff does not contend that Avondale was not required by federal direction to use asbestos, but rather that it was required to do so "*safely and in compliance with applicable federal and state safety standards*." Rec. Doc. 22-1 at 8. This, plaintiff argues, defendants cannot prove, because it was the very failure of Avondale use asbestos *safely* that resulted in plaintiff's alleged exposure and subsequent illness. *Id.* In his reply to defendants' opposition, however, plaintiff does assert that Avondale was not actually required to use asbestos because the federal government's list of approved equipment, referenced by defendants' expert, included non-asbestos materials. Rec. Doc. 48 at 2. In response, defendants rely on deposition and affidavit testimony to establish both that Avondale was required to use asbestos by the federal government, and that it complied with all necessary safety standards. *See generally* Rec. Doc. 30.

While defendants have not had an opportunity to reply to plaintiff's assertion that non-asbestos materials were, in fact, available during the relevant time periods, this Court is

6

nevertheless bound to "resolve[] any factual disputes in favor of federal jurisdiction." *Breaux* 2009 WL 152109, p. 2. Therefore, following the Supreme Court's dictate that a defendant need not win its case before it is removed, defendants have adequately shown that Avondale was required to use asbestos pursuant to its contracts with the federal government. *See Willingham*, 395 U.S. at 407.[5]

For the same reason, plaintiff's assertion that Avondale could not have been acting pursuant to a federal officer's direction because it did not employ the use of asbestos safely also fails. Defendants have produced affidavit and deposition testimony which supports their claim that Avondale complied with the relevant safety standards. *See, e.g.*, Rec. Docs. 30-2 & 30-3. Plaintiff has not provided evidence to the contrary that dispositively contradicts defendants' evidence. Moreover, defendant is only required show that Avondale's use of asbestos was "pursuant to a federal officer's direction," not whether it also complied with all relevant state and federal safety requirements. *See Latiolais*, 951 F.3d at 296. To require every defendant removing pursuant to 28 U.S.C. § 1442 to prove compliance with all applicable federal and state safety requirements would require them to "win [their] case before [they] can have it

---

[5] As this Court noted in its denial of plaintiff's Motion to Strike, plaintiff "can still raise his evidentiary objections at the summary judgment stage or at trial." Rec. Doc. 90 at 2.

7

removed," which would produce an "anomalous result of allowing removal only when the officers had a clearly sustainable defense." *Willingham*, 395 U.S. at 407.

### c. "Colorable" Federal Defense

Defendants assert three federal defenses: (1) "government contractor immunity," under *Boyle*, 487 U.S. 500; (2) "derivative sovereign immunity," under *Yearsley*, 309 U.S. 18; and (3) the exclusive remedy provisions of the LHWCA. Rec. Doc. 1 at 7-8. Because defendants have a "colorable defense" under *Boyle*, it is unnecessary to discuss their alternative defenses.[6] Moreover, because the Supreme Court explained that state law *is* displaced where the *Boyle* factors are met,[7] it is unnecessary to discuss plaintiff's argument that an analysis of whether operation of state law frustrates federal interests is a condition precedent of government contractor immunity. *See* Rec. Doc. 22-1 at 23.

In *Latiolais*, the Fifth Circuit held that Avondale presented a colorable government contractor immunity defense under *Boyle*, explaining that:

> First, Avondale submitted one affidavit and deposition testimony alleging that the Navy required installation of asbestos on the Tappahannock, as well as another affidavit

---

[6] *See Dempster v. Lamorak Ins. Co.*, 435 F. Supp. 3d 708 (E.D. La. 2020); *Hernandez v. Huntington Ingalls, Inc.*, No. CV 19-14685, 2020 WL 1864874 (E.D. La. Apr. 14, 2020); *Bourgeois v. Huntington Ingalls Inc.*, No. CV 20-1002, 2020 WL 2488026 (E.D. La. May 14, 2020).

[7] *Boyle*, 487 U.S. at 501 ("[S]tate law *is* displaced . . . . [W]here (a) the United States approved reasonably precise specifications; (b) the equipment conformed to those specifications; and (c) the supplier warned the United States about dangers in the use of the equipment known to the supplier but not to the United States.")(emphasis added).

8

> alleging that the Navy generally required Avondale to install asbestos and to comply with certain related safety practices. These documents make colorable that the government approved reasonably precise specifications about the installation of asbestos. Second, Latiolais does not challenge that Avondale complied with those specifications, if they existed. Indeed, Latiolais himself testified that Avondale used asbestos in refurbishing the *298 Tappahannock. Third, Avondale's evidence tends to support that the federal government knew more than Avondale knew about asbestos-related hazards and related safety measures.
>
> In light of the evidence submitted, Avondale's assertion of a federal defense is not wholly insubstantial and frivolous. We, of course, do not speculate on what further evidence may come to light as the case proceeds and conclude only that Avondale has a colorable federal defense.

*Latiolais*, 951 F.3d at 297-298. The same result must follow here where defendants rely on substantially the same evidence as they did in *Latiolais*. First, defendants submitted "one affidavit and deposition testimony alleging" that Avondale was required to use asbestos per its government contracts. *See* Rec. Docs. 30-2 at ¶¶ 15-39, & 30-3 at 15-16, 18, 24-25, 31-32, 38-39, 42. Second, although, unlike the plaintiff in *Latiolais*, plaintiff *has* challenged Avondale's compliance with those specifications, defendants have provided evidence to the contrary, Rec. Doc. 30-7 at ¶3, and factual disputes must be resolved in favor of removal.[8] Third, "Avondale's evidence tends to support that the federal

---

[8] *See Breaux*, 2009 WL 152109 at p. 2 ("[T]he Court must interpret the statute liberally, resolving any factual disputes in favor of federal jurisdiction").

9

government knew more than Avondale knew about asbestos-related hazards and related safety measures Avondale." *See, e.g.*, Rec. Doc. 30-2 at ¶¶ 40-43.

Echoing the Fifth Circuit in *Latioilais*, defendants' "assertion of a federal defense is not wholly insubstantial and frivolous," and therefore is sufficiently "colorable" to invoke removal under 28 U.S.C. § 1442(a). *See Latiolais*, 951 F.3d at 298.

New Orleans, Louisiana this 16th day of March 2021

_____
SENIOR UNITED STATES DISTRICT JUDGE